UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CALVIN D. TURNER,

          Petitioner,

-vs-                                                       Case No.  8:05-cv-2075-T-17EAJ

SECRETARY, DEPT. OF CORRECTIONS,

          Respondent.

_____

## **ORDER**

Before this Court is an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Calvin D. Turner (Turner), a Florida prisoner. The petition attacks Turner's conviction for one count of driving while license suspended or revoked (habitual traffic offender), and one count of reckless driving arising from the Twelfth Judicial Circuit Sarasota County, Florida, in state circuit case number 02-7974CF.

A review of the record demonstrates that, for the following reasons, Turner's petition must be denied.

PROCEDURAL HISTORY

On July 17, 2002, and amended on August 7, 2002, Turner was charged by Information with two counts of driving while license suspended or revoked (habitual traffic

offender), and one count of reckless driving. (Exh 14: Vol. 1: R 15-18, 24-27).[1] The judgment and sentence indicate the State nolle prossed one count of driving with a suspended license. (Exh 14: Vol. 1: R 87-88). The case proceeded to a jury trial before the Honorable Lee E. Haworth, Circuit Judge on January 21 and 23, 2003. Turner was represented by Assistant Public Defender Geoffrey Proffitt. The jury returned a verdict of guilty as charged on the remaining count of driving while license suspended or revoked, and one count of reckless driving. (Exh 14: Vol. 1: R 33). On January 23, 2003, the court sentenced Turner to sixty (60) months imprisonment on the driving with suspended or revoked license count, and time served on the misdemeanor count of reckless driving. (Exh 14: Vol. 1: R 82-86).

Turner pursued a direct appeal. Timothy J. Ferreri, the Assistant Public Defender assigned to represent Turner on appeal, filed an Anders[2] brief, stating that he could find no meritorious argument to support the contention that the trial court committed significant reversible error in this case. (Exhibit 1). Counsel directed the appellate court's attention to two potential issues for review: (1) Did the trial court err in denying the Appellant's motion for judgment of acquittal; (2) Did the trial court err in sentencing Appellant.

Although invited by the appellate court to file a pro se brief, Turner elected not to do so. (Exhibit 2). The State filed an answer brief. (Exhibit 3). On January 16, 2004, in Case

---

[1] The two-volume record on direct appeal in Case No. 2D03-687 is attached as Respondent's Exhibit 14. References to the documents and pleadings found in Volume 1 of the record utilize the letter "R," followed by the page number located in the lower right hand corner of the page. The trial transcript (referred to as "T") is contained in Volumes 1 and 2, and is paginated separately in the upper right hand corner of the page, numbering from 1 to 195.

[2] *Anders v. California*, 386 U.S. 738 (1967).

No. 2D03-687, the Second District Court of Appeal filed a per curiam unwritten opinion affirming Turner's judgment and sentence. (Exhibit 4). *Turner v. State*, 871 So. 2d 234 (Fla. 2d DCA 2004)[Table]. The mandate issued on February 6, 2004. (Exhibit 5).

On July 12, 2004, Turner filed a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850. (Exhibit 6). Turner raised six allegations of ineffective assistance of trial counsel: (1) counsel misadvised Turner regarding Turner's right to testify; (2) counsel failed to investigate and call Dave as a witness; (3) counsel failed to challenge juror Melvin Everingham for cause or use a peremptory challenge to remove him from the jury panel; (4) counsel failed to stipulate to the evidence of Turner's prior driving convictions as the element of the charge of habitual traffic offender and failed to inform Turner of the availability to stipulate to that evidence; (5) counsel failed to request a limiting instruction; (6) counsel failed to object to incomplete jury instructions. On July 22, 2004, the court issued a written order summarily denying ground 2 of the motion, and directing the State to respond to the remaining grounds. (Exhibit 7).

The State filed its response, with record attachments, on or about October 5, 2004. (Exhibit 8). On October 14, 2004, the court filed its final written order denying postconviction relief. (Exhibit 9). Turner appealed the adverse ruling. In November, 2004, he filed a pro se initial brief challenging the trial court's ruling on all six claims. (Exhibit 10). Because of the summary nature of the proceeding, the State did not file an answer brief. (Exhibit 11). On July 6, 2005, in Case No. 2D04-4969, the Second District Court of Appeal of Florida filed an unwritten per curiam opinion affirming the denial of postconviction relief.

(Exhibit 12). *Turner v. State*, 907 So. 2d 535 (Fla. 2d DCA 2005). The mandate was issued on August 3, 2005. (Exhibit 13).

Turner timely signed the present federal petition on November 7, 2005. (Dkt.1). The petition contains the same six allegations of ineffective assistance of trial counsel which were properly raised in Turner's rule 3.850 motion in state court. Turner is not entitled to relief from this Court on any of the claims presented, however, because he fails to meet the threshold requirements of 28 U.S.C. § 2254(d) and (e).

## Standards of Review

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

## Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and

"there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

### Discussion

### Ground One

Turner alleges his trial counsel was ineffective by rendering misadvice regarding Turner's right to testify. Turner claims he intended to testify on his own behalf, and that counsel announced his intention in his opening statement and then at the last minute rested without calling Turner to testify. Turner claims further that he waived his right to testify because counsel erroneously advised him that if he took the stand, the jury would learn about his prior convictions and would likely convict him based upon his prior convictions. Turner contends he would have testified that he was not driving and that the window of the car was up because the air conditioner was on and that the officer could not have seen him driving.

The state postconviction court was persuaded by the prosecutor's argument that Turner did not demonstrate that he was prejudiced by his failure to testify because Turner's cousin, Corey Johnson, testified to the same facts that Turner claims he would have presented if Turner had testified. (See Exh 14: Vol. 2: T 134-141). The state court reasonably denied this claim, finding that Turner's proposed testimony would have been cumulative of the testimony of Corey Johnson. (10/13/04 order denying relief at pp. 2-3). *See Marquard v. Sec'y for the Dep't of Corr.*, 429 F.3d 1278, 1308-1309 (11th Cir. 2005) ("A petitioner cannot establish ineffective assistance by identifying additional evidence that

could have been presented when that evidence is merely cumulative.") (quoting *Van Poyck v. Florida Dep't. of Corrs.,* 290 F.3d 1318, 1324 n.7 (11th Cir. 2002)); *Glock v. Moore*, 195 F.3d 625, 636 (11th Cir. 1999) (finding that, "where much of the new evidence that [petitioner] presents is merely repetitive and cumulative to that which was presented at trial," petitioner could not show prejudice), *cert. denied*, 531 U.S. 890 (2000).

Ground one does not warrant habeas corpus relief.

### Ground Two

Turner complains his attorney was ineffective for failing to call "Dave" to testify for the defense. He alleges this witness would have testified that Turner's cousin, not Turner, was actually driving the car, and the heavily tinted windows were rolled up, preventing a clear view of the driver.

As in Ground One, the denial of this second claim was objectively reasonable, in that the evidence Turner wanted counsel to present was cumulative to the testimony presented at trial. In its July 22, 2004, order denying ground two of the rule 3.850 motion, the state court found as follows:

> The Defendant claims counsel failed to investigate and call Dave as a witness. The Defendant contends that Dave was in the vehicle that the police allege the Defendant was driving and that he could have testified that the Defendant was not driving. The Defendant claims Dave would have testified that the Defendant's cousin was driving and that the windows of the vehicle were up.
>
> The Defendant's Motion is denied. The Defendant presented the testimony of two witnesses at trial, his mother, Laverne Turner and his cousin, Corey Johnson. (See attached transcript, pp. 130-143). The testimony of Dave would clearly have been cumulative of the testimony that was presented to the jury and, therefore, the Defendant has failed to show that he was prejudiced by counsel's failure to call Dave as a witness. *See*

> *Maharaj v. State*, 778 So.2d 944, 957 (Fla. 2000)(Observing that failure to present cumulative evidence is not ineffective assistance of counsel).

(Exh 7: 7/22/04 order denying relief in part at p. 3). Any testimony by witness "Dave" would have been cumulative to the testimony of Turner's cousin, Corey Johnson. Accordingly, trial counsel cannot be considered ineffective for failing to call this additional witness, and the state court's denial of this claim was objectively reasonable. See Ground One above.

Ground two does not warrant habeas corpus relief.

### Ground Three

Turner alleges his counsel was ineffective for failing to challenge juror Melvin Everingham for cause or to use a peremptory challenge to remove him from the jury panel. Turner contends that during voir dire, juror Everingham stated that he believed Turner had done something or he would not be on trial. Turner argues that this statement constitutes a preconceived idea that Turner was guilty and that counsel should have tried to remove him from the jury. Turner also argues that counsel lost another opportunity to have Mr. Everingham serve as an alternate juror after he appeared late to court for the trial.

In its response to the rule 3.850 motion, the State correctly argued that Turner's claim should be denied because the statement cited by Turner is taken out of context. Moreover, the State argued that Turner has failed to show he was prejudiced by counsel's failure to strike the juror. The state postconviction court agreed. The court found in its order denying relief that the "juror's statement does not indicate that he had a preconceived notion of the Defendant's guilt, because the juror stated that whether the Defendant was guilty was another issue and that the trial was a search for the truth." (Exh 14: Vol. 1: T 67-68).

Turner's claim of ineffective assistance of counsel is grounded in the claim that counsel failed to strike a biased juror. Under the *Strickland* standard, however, in order to maintain a claim that a biased juror prejudiced Turner, Turner must show that the juror was actually biased against him. *See Smith v. Phillips*, 455 U.S. 209, 215, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1981). The state court's determination that Turner failed to demonstrate actual bias on the part of juror Everingham was objectively reasonable and compels denial of ground three.

Ground three does not warrant habeas corpus relief.

## Ground Four

Turner contends his attorney was ineffective for failing to stipulate to the evidence of Turner's prior driving convictions as the element of the charge of habitual traffic offender, and for failing to inform Turner of the availability of stipulating to that evidence. The state postconviction court reasonably rejected this claim, finding Turner had failed to demonstrate prejudice. The final order denying the rule 3.850 motion states in pertinent part as follows:

> The Defendant's Motion is denied. First, the certified driving record entered into evidence omitted the defendant's prior traffic offenses and the designation as a habitual traffic offender is not an element of the crime such that the trial would be bifurcated as in a driving under the influence prosecution. *See Rodgers v. State*, 804 So.2d 480, 483 (Fla. 4th DCA 2001) (Observing that State is required to show that DMV maintains a record on the motorist, that its record shows the requisite three separate DWLS convictions within a five year period, and that DMV gave the motorist the statutory notice). (See attached Transcript of Driving Record). As a result, the Defendant has not shown that he was prejudiced by counsel's alleged failure to stipulate to the prior convictions.

(Exh 9: 10/13/04 order denying relief at pp. 4-5).

Ground four does not warrant habeas corpus relief.

### Ground Five

Turner alleges that counsel was ineffective for failing to request a limiting instruction regarding Turner's prior driving convictions pursuant to section 90.404, Florida Statutes, and that as a result, Turner was prejudiced because the jury heard several references to the fact that Turner had numerous prior traffic convictions in the past. This claim must be denied for the same reasons given by the state postconviction court in ground four.

Ground five does not warrant habeas corpus relief.

### Ground Six

Turner complains his counsel was ineffective for failing to object to incomplete jury instructions. He alleges the court should have instructed the jury on the charge of driving without a license, which is a necessarily lesser included offense of the main charge of driving while license suspended or revoked. Turner maintains that counsel's failure to object deprived him of the allowing the jury to exercise its pardon power and waived the issue for purposes of appeal. The state court found Turner could not show that counsel's alleged error resulted in prejudice:

> The Defendant's Motion is denied. As pointed out by the State, the Defendant has failed to establish prejudice because defense counsel argued throughout trial that the Defendant was not driving the vehicle. (See attached transcript, pp. 97, 134-141, 154- 161), (Defendant's Motion, pp. 6-7). It would have been almost completely contradictory to the Defendant's main defense to argue for a lesser included crime during the trial. The Defendant has failed to show that if the lesser included instruction was included as part of the jury instructions, the result of the proceeding would have been different.

(Exh 9: 10/13/04 order denying relief at pp. 6-7). The state court's decision as to ground six is objectively reasonable. *See, e.g., Butcher v. Marquez*, 758 F.2d 373, 376-77 (9th Cir.

1985)(concluding that counsel's failure to seek jury instructions inconsistent with his reasonable choice of defense does not constitute ineffective assistance of counsel); *see also Turk v. White,* 116 F.3d 1264, 1266-67 (9th Cir. 1997) (concluding that once counsel reasonably selects a defense, failing to present an alternative and inconsistent defense is not ineffective assistance of counsel).

Ground six does not warrant habeas corpus relief.

Accordingly, the Court orders:

That Turner's petition for writ of habeas corpus is denied, with prejudice. The Clerk is directed to enter judgment against Turner and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on November 30, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Calvin D. Turner